UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL PETTINGILL,<br><br>               Petitioner,<br><br>    vs.<br><br>BRIAN SMITH,<br><br>               Respondent. | Case No. 1:14-cv-0303-TWP-DML |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Michael Pettingill for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. STP 13-10-0081. For the reasons explained in this Entry, Mr. Pettingill's habeas petition must be **DENIED**.

**I.  Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On October 16, 2013, Sergeant Fox wrote a conduct report that charged Mr. Pettingill with class B offense 215, unauthorized possession of property. The conduct report stated:

> On 10-16-2013 at approximately 6:00 a.m. I, Sergeant A. Fox[,] was conducting an [a]rea [s]earch in Unit 3 on bunk L1-127. During my search I found an unauthorized possession of a tool on Offender Michael Pettingill's #158796 bed area.

A picture was taken of the "3 ½" l. silver 5/16 (sic) wrench" and then it was returned to the maintenance department. Sergeant Fox also completed an incident report:

> On 10/16/2013 at approximately 6:00 a.m. I, Sgt. A[.] Fox[,] was conducting a search in Unit 3 on L1-128. During my search on the bunk I found a small 5/16(th) Snap On wrench approximately 3 ½ inches long with PAT 3273430 ingraved (sic) on the on[e] side, attached to bunk 127 closest to the wall. I immediately secured the tool and reported my findings to the shift supervisor. I later discovered that the bunk 127 of Unit 3 belongs to Offender Michael Pettingill #158796[.]

On October 25, 2013, Mr. Pettingill was notified of the charge when he was served with the conduct report and the screening report. Mr. Pettingill was notified of his rights. He pled not guilty and he requested the appointment of a lay advocate. Mr. Pettingill stated he would bring witness "names later" and requested a picture of the "10 man room open dorm."

The hearing was held on November 9, 2013, and the hearing officer found Mr. Pettingill guilty of Class B offense 215, unauthorized possession of property. In making this determination, the hearing officer relied on the staff reports, the photograph, the evidence card, the incident report, and Mr. Pettingill's statement at the hearing, "I had no idea about the wrench, or that it was even there."

The sanctions imposed were an earned credit time loss of 30 days and a suspended credit class demotion from credit class I to II. The hearing officer imposed the sanctions because of the seriousness and nature of the offense, the offender's attitude and demeanor during the hearing, the

degree to which the violation disrupted and endangered the facility, and the likelihood that the sanctions would have a corrective effect on Mr. Pettingill's future behavior.

Mr. Pettingill now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were denied.

### III. Analysis

In his petition, Mr. Pettingill asserts the following claims: 1) there were violations of the Adult Disciplinary Procedures ("ADP"); 2) he was denied evidence that he requested; and 3) there was insufficient evidence to find him guilty.

Mr. Pettingill first argues that prison officials violated the ADP by "failing to adhere to the mandatory language set forth in the disciplinary code." Petition p. 3. To the extent that this claim is based upon the rules and procedures of the Indiana Department of Correction, relief is not available in this action because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Mr. Pettingill's second claim is that he was denied evidence because the facility failed to grant or address his request for a picture of the dorm where the tool was found. He contends that the hearing officer failed to acknowledge that the tool was found in the corner of the room in a common bed area that held ten men and that the tool was closest to his bed because he slept in the corner bed on the bottom bunk. He asserts that anyone could have tossed the tool in the corner on the floor. He denies that the tool was his or that he knew it was there.

The respondent concedes that the screening officer did not properly document that the photograph request was denied, however, even though Mr. Pettingill was not provided with the

photograph, there was no due process violation. A prisoner has a limited right to present witnesses and evidence in his defense, consistent with correctional goals and safety. *Wolff,* 418 U.S. at 566; *Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002) (prisoners' right to present evidence is qualified…they "do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary."). A hearing officer has considerable discretion with respect to witness and evidence requests, and may deny requests that threaten institutional safety or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). It was not disputed that his bed was in a common area. The photograph was not necessary to make that point. The photograph was actually irrelevant and unneceesary. Mr. Pettingill was held accountable for possessing the tool, however, because it was "attached to bunk 127 closest to the wall." (Incident Report, dkt 9-3).

Mr. Pettingill's final claim is that the evidence was not sufficient to find him guilty. He points out that the tool was not found on his bed specifically or in his property. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The tool was found "attached" to Mr. Pettingill's bed. The conduct report, incident report, and Mr. Pettingill's statement were considered by the hearing officer, and such evidence

constituted sufficient evidence to find Mr. Pettingill guilty of the charge. In addition, possession of unlawful property in the prison setting can be determined on a joint or constructive basis. *See Hamilton v. O'Leary,* 976 F.2d 341, 345-46 (7th Cir. 1992) (approving prison's constructive possession rule). The lenient standard of "some" evidence was satisfied in this case.

Mr. Pettingill was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for his finding and described the evidence that he considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Pettingill's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Pettingill's petition for a writ of habeas corpus must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/21/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Pettingill, #158796, Plainfield Correctional Facility, 727 Mood Road, Plainfield, IN 46168

Electronically registered counsel